# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FACTORY MUTUAL INSURANCE, CO., | ) |
| Plaintiff, | ) |
| v. | ) No. 05 C 4054 |
| THE BOC GROUP, INC., CHROMALOX, INC., and TYCO VALVES & CONTROLS, LP., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Factory Mutual Insurance Company's ("Factory Mutual") motion to abstain. For the reasons discussed below, we grant the motion.

## BACKGROUND

Factory Mutual is an Illinois insurance company that provides insurance coverage to Hospira, Inc. ("Hospira"), a "specialty pharmaceutical and medication delivery company" in Illinois. (Mot. S. Rep. Ex. 1 Par. 1). Factory Mutual alleges that on or around September 18, 2004, a Calumatic lyophilizer ("lyophilizer") sold

1

to Hospira by Defendants had "an operational malfunction" that caused "extensive property damage" to Hospira. (Compl. Par. 8, 11). Specifically, Factory Mutual claims that "the safety valves on the syltherm heating loop failed to operate as designed , and/or the pressure vessel . . . was unable to contain the pressures within the systems." (Compl. Par. 8). Factory Mutual claims that it has paid Hospira over $500,000 for the property damage Hospira allegedly suffered as a result of the lyophilizer accident.

On June 19, 2005, Factory Mutual filed the instant action in the Circuit Court of Cook County, acting as a subrogee of Hospira and seeking return of the money it has paid to Hospira for the property damage under the insurance contract. Factory Mutual brought four counts against Defendants in the complaint, which included two state law claims of negligence and two state law claims of strict liability. On July 13, 2005, Defendants removed the instant action to this court, claiming diversity jurisdiction.

Factory Mutual has now filed the instant motion, entitled "Plaintiff's Memorandum Brief in Support of its Motion to Stay Proceedings." (Mot. 1). However, in the text of the motion, Factory Mutual discusses abstention. Therefore, we will treat Factory Mutual's motion as a motion to either stay the proceedings or to abstain from exercising jurisdiction.

## DISCUSSION

Factory Mutual is asking the court to either stay the proceedings in this court while three related lawsuits are pending in Illinois state court, or abstain from exercising jurisdiction over the instant action. A federal court has a "virtually unflagging obligation" to exercise the jurisdiction provided to it by Congress. *AAR Intern., Inc. v. Nimelias Enterprises S.A.*, 250 F.3d 510, 517 (7th Cir. 2001). Despite this obligation, in certain "exceptional circumstances," a federal court, under the *Colorado River* Doctrine, may either "dismiss or stay an action when there is an ongoing parallel action in state court." *LaDuke v. Burlington Northern R. Co.*, 879 F.2d 1556, 1558 (7th Cir. 1989)(citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976)). A federal court may only decline to hear a case if there are the "clearest of justifications" that would warrant abstention and if the state proceedings are "an adequate vehicle" for resolving the issues between the parties. *Id.* at 518. However, the Seventh Circuit has stated that "[u]nder *Colorado River*, a federal court may stay or dismiss a suit when there is a concurrent state court proceeding and the stay or dismissal would promote 'wise judicial administration.'" *AXA Corporate Solutions v. Underwriters Reinsurance Corp.*, 347 F.3d 272, 276-77 (7th Cir. 2003).

The first requirement for abstention under the *Colorado River* doctrine is that the federal suit and the suit in the other forum must be parallel suits. *Finova Capital Corp.*, 180 F.3d at 898. If the suits are parallel, the court must consider the

3

following factors: "1) whether the state has assumed jurisdiction over property; 2) the inconvenience of the federal forum; 3) the desirability of avoiding piecemeal litigation; 4) the order in which jurisdiction was obtained by the concurrent forums; 5) the source of governing law, state or federal; 6) the adequacy of state-court action to protect the federal plaintiff's rights; 7) the relative progress of state and federal proceedings; 8) the presence or absence of concurrent jurisdiction; 9) the availability of removal; and 10) the vexatious or contrived nature of the federal claim." *TruServ Corp. v. Flegles*, Inc. 419 F.3d 584, 592 (7th Cir. 2005). The Seventh Circuit has also stated that "of these ten factors, '[p]articular weight must be given to the presence of a federal question in the case.'" *Blue Cross and Blue Shield of Ill. v. Cruz*, 396 F.3d 793, 800 (7th Cir. 2005)(citing *Sverdrup Corp. v. Edwardsville Cmty. Unit Sch. Dist. No. 7,* 125 F.3d 546, 549 (7th Cir.1997)).

Actions are considered parallel for the purposes of the *Colorado River* doctrine if "substantially the same parties are litigating substantially the same issues simultaneously in two fora." *Finova Capital Corp.*, 180 F.3d at 898 (quoting *Schneider Nat'l Carriers, Inc. v. Carr*, 903 F.2d 1154, 1156 (7th Cir. 1990)). Cases are parallel only if "there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Fofi Hotel Co., Inc. v. Davfra Corp.*, 846 F.Supp. 1345, 1352 (N.D.Ill. 1994). In the instant action, Factory Mutual seeks abstention based on three pending state court actions. Two of these actions are personal injury cases brought by employees of Hospira for injuries suffered as a

result of the same lyophilizer accident referenced in this action. The third state action is Hospira's lawsuit to recover for the portion of the property damage from the lyophilizer accident that was not covered by Factory Mutual. The property damage at issue in both the Hospira suit and the instant action are the same and the legal claims brought against the Defendants, involving negligence and strict liability under Illinois law, are the same. Given the similarity of the factual issues and legal claims in the two suits, a legal determination in one would have a preclusive effect on the other lawsuit. *See Hartigan v. Palumbo Bros., Inc.*, 797 F.Supp. 624, 633 (N.D.Ill. 1992)(stating that "the issue is not whether there exists an identity of parties in both actions, but whether the federal defendants 'may be bound' by the result in the state litigation under principles of collateral estoppel"). The plaintiffs in these two actions are essentially the same, given that Factory Mutual in the instant action is merely a subrogee of Hospira. Additionally, the Defendants in the Hospira action and the instant action are essentially identical. In the Hospira action, the named defendants are The BOC Group, Inc., Chromalox, Inc., and Tyco Valves & Controls, LP. In the instant action, the named defendants include several "BOC Edwards" companies, Chromalox, Inc., and Tyco Valves & Controls, LP. Given all of these reasons, we find that the Hospira state lawsuit is parallel to the instant action.

Factory Mutual has also shown several significant factors that lead this court to abstain from proceeding with the instant case. To begin, all claims in both the

state and federal action are solely on Illinois law. There are no federal questions raised in either the instant action or the Hospira action, and all of the affirmative defenses and third party claims raised by Defendants are based on Illinois law. (Ans. 10-14). As the Seventh Circuit has stated, we must give particular weight to the fact that there is no federal question present in the instant action. Second, there is less than one month between when the instant action was removed to this court and when the Hospira action was filed in state court. This is not a significant amount of time and declining to exercise jurisdiction at this early stage in the litigation should not prejudice Defendants in any way. Third, we conclude that the state court action that will interpret the state law claims is more than adequate to protect the plaintiff's rights.

A major reason for declining to exercise jurisdiction over the instant action is the importance of avoiding piecemeal litigation. It is clear that "the results of simultaneous litigation of identical issues in the state and federal courts may be both 'unseemly' and a 'grand waste' of the efforts of the parties and the courts." *LaDuke v. Burlington Northern R. Co.*, 879 F.2d 1556, 1560 (7th Cir. 1989). There is a case pending in the Illinois courts involving the exact same legal claims and the exact same factual circumstances as the instant action. Additionally, given that Hospira, a Delaware corporation, is not diverse from the BOC Group, one of the named defendants in the Hospira case, the Hospira action cannot be removed to federal court. Therefore, we cannot avoid duplicating the litigation of these essentially

identical cases by consolidating them in federal court. Thus, in the interest of efficiency and "wise judicial administration," *AXA Corporate Solutions,* 347 F.3d at 276-77, we abstain from exercising jurisdiction over the instant action.

## CONCLUSION

Based on the forgoing analysis, we abstain from exercising jurisdiction over the instant action and dismiss the instant action. All other pending motions are denied as moot.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: November 2, 2005